

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00368-CR

**ANTONIO DEMONN TOWNSEND,**

        **Appellant**

**v.**

**THE STATE OF TEXAS,**

        **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2018-455-C1

## MEMORANDUM OPINION

Antonio Demonn Townsend was adjudicated guilty of felony assault-family violence and sentenced to five years in prison. *See* TEX. PENAL CODE § 22.01(a)(1), (b-3).

Townsend's appellate attorney filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgment pursuant to this Court's order in *Allison*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d

493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order). *See also Cummins v. State*, 646 S.W.3d 605, 616 (Tex. App.—Waco 2022, pet. ref'd).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621(Tex. App.—Waco 2022, pet. ref'd).

As noted previously, despite finding no reversible error, counsel has presented one issue of nonreversible error, that being the assessment of attorney's fees in the amount of $825.00 and $700.00, in violation of Texas Code of Criminal Procedure article 26.04(p). *See* TEX. CODE CRIM. PROC. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The State did not file a brief in response to this alleged error. *See*

*Cummins*, 646 S.W.3d at 615 ("the State is expected to file a response addressing the merits of the nonreversible error presented in the *Allison* brief. *See, e.g.*, *Price* [*v. State*], [No. 10-13-00403-CR,] 2014 Tex. App. LEXIS 10403, []*2 [(Tex. App.—Waco Sep. 18, 2014, no pet.)] (parenthetical omitted)."

Townsend was found to be indigent, and an attorney was appointed to represent him. Thus, Townsend relies upon article 26.04(p) to prevent the assessment of attorney fees as court costs which must be paid. Specifically, article 26.04(p) provides:

> (p) A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination.

TEX. CODE CRIM. PROC. art. 26.04(p).

Townsend thus argues that the trial court erred in assessing attorney fees against him absent a finding of a change in Townsend's financial circumstances. Townsend argues the "trial court did not make any finding or otherwise address Townsend's financial condition again before signing the judgment." Having determined that Townsend was unable to pay, in essence that he was at that date indigent and unable to pay costs, fines, or fees, it was error for the trial court to then assess attorney's fees as court costs. TEX. CODE CRIM. PROC. art. 26.05(g); *Mayer v. State,* 309 S.W.3d 552 (Tex. Crim. App. 2010).

From the detail in the list of charges, it is clear that $825.00 of attorney's fees was assessed when Townsend was placed on community supervision as a condition of

community supervision. That order was not appealed. Townsend cannot now complain about that assessment in this appeal from the revocation of his community supervision and adjudication of guilt. *Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 318-321 (Tex. Crim. App. 2013).

The $700.00 of appointed attorney's fees for representation at the hearing on the motion to adjudicate at a time when Townsend was found to be indigent cannot, however, be properly assessed against him as court costs. *See* TEX. CODE CRIM. PROC. art. 26.05(g); *Mayer v. State,* 309 S.W.3d 552 (Tex. Crim. App. 2010). Thus, we agree with Townsend that this assessment of $700.00 of attorney's fees is nonreversible error. The trial court's Order to Withdraw Funds must be reduced by $700.00.

Accordingly, the trial court's Judgment Adjudicating Guilt is modified to assess court costs in the amount of $1,034.00. As modified, the trial court's judgment is affirmed, and counsel's motion to withdraw from representation of Townsend is granted.[1]


LEE HARRIS
Justice

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Motion granted
Affirmed as modified
Opinion delivered and filed January 30, 2024
Do not publish
[CR25]



---

[1] The Certified Bill of Costs should be modified to reflect the costs due in the judgment as modified.